YATES, Judge.
The Mobile County Merit System Employee’s Association petitioned the circuit court for a writ of mandamus ordering the Personnel Board of Mobile County to certify six eligible employees on a promotion list to fill the vacant position of executive director of the Mobile Housing Board. The Employee’s Association wanted the vacancy to be filled by promotion from among employees of the Mobile Housing Board; however, the Personnel Board opened the selection process to competitive examination of all applicants, regardless of whether those applicants were employees of the Mobile Housing Board. Specifically, the Employee’s Association reasoned that the writ should be granted because, it contended, the Personnel Board’s action in conducting the examination process for executive director through an “open competitive examination” instead of a “promotional examination” was “arbitrary and capricious” and violated the rules and regulations of the Personnel Board.
The trial court denied the writ, stating that the Personnel Board had acted pursuant to its rules, that the evidence supported its judgment, and that its action was not shown to be arbitrary or capricious. The Employee’s Association appeals; the sole issue is whether the trial court erred in denying the writ of mandamus.
We make note of the presumption of correctness given the trial court in an appeal from a denial of a petition for a writ of mandamus. This court must indulge all reasonable presumptions in favor of the correctness of the trial court’s judgment. Best v. State Dep’t of Revenue, 417 So.2d 197 (Ala.Civ.App.1981).
Mandamus is an extraordinary remedy, requiring a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989).
After reviewing the record, we conclude that the judgment denying the writ of mandamus must be affirmed. The Employee’s Association failed to show any of the requirements for issuing this extraordinary writ.
The rules and regulations of the Personnel Board are found in Local Act No. 470, approved September 15,1939. Rules IX and X state, in pertinent part, regarding vacancies:
“POLICY 9.1 Vacancies in classes of positions above the lowest class shall be filled, as far as practicable and as in the judgment of the Director is consistent with the best interests of the service, by promotion following competitive tests.
[[Image here]]
“Manner of Filling Vacancies 10.1 Vacancies in positions shall be filled in the following order: (1) by transfer within the Classified Service; (2) by re-employment following layoff; (3) by promotion or demotion; (4) by re-employment following resignation; or (5) by certification from the employment register.”
Section XIV of Local Act 470 states:
“PROMOTION: Vacancies in positions shall be filled by the Director and, in so far as practicable, same shall be filled by promotion, from among regular employees holding positions in the Classified Service. ...”
The statute directs that the vacancies should be filled by the director “in so far as practicable” from among the “regular employees holding positions in the Classified Service.” The evidence discloses that the Personnel Board did not follow this directive because there were not enough qualified applicants for the position. Members of the Personnel Board testified that, given the great responsibility of the executive director, under the promotional selection system there were too few candidates to serve the public’s best interests.
We conclude from the language of the rules and regulations of the Personnel Board that deciding whether to use an open compet *180 itive procedure or to use a promotional procedure is a discretionary function of the Personnel Board, to be undertaken with the best interests of the merit system in mind. The Personnel Board determined that promotion from an open competitive list was in the best interests of the merit system; it acted pursuant to its rules. Therefore, the judgment of the trial court denying the petition for a writ of mandamus is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.