ROBERTSON, Presiding Judge.
This ease concerns the interpretation of Act No. 470 of the 1939 Alabama Legislature, *934 as amended (the “Act”), which sets forth the powers and duties of the Personnel Board of Mobile County (the “Board”) and its-personnel director, as well as Ala.Code 1975, § 21-7-8, which sets forth state policy regarding employment of disabled persons by the state and its political subdivisions.

Factual Background

Before reciting the complex procedural history of this case, we discuss the factual background from which it arose. In 1939, the legislature approved the Act, which established a comprehensive countywide civil service system in Mobile County. Created under the Act were the Mobile County Personnel Department, the Mobile County Personnel Board, and the office of the Mobile County personnel director. Act No. 470, 1939 Ala. Acts, § III. The Act requires the personnel director to outline the duties of each office whose employees are paid a salary from the funds of Mobile County or any city therein. The personnel director must also, after consultation with governmental “Appointing Authorities,” prepare and administer a classification plan. Id. § X. The classification plan must, under the Act, show each class of position, each position’s title and duties, and the qualification criteria for each position. Id. The plan is subject to approval of the Personnel Board, which also has the power to promulgate and adopt “Rules” necessary, appropriate, or desirable to administer the plan or to carry out any of the Act’s provisions. Id., §§ IX, X.
Pertinent to this appeal are the Act’s provisions concerning vacancies in the classified sendee in Mobile County. As amended,[1] the Act reads as follows:
“Section XIII. FILLING VACANCIES: Vacancies in the Classified Service shall be filled either by Promotion, Appointment, Reappointment, Transfer, or Demotion. The appointing Authority shall notify the Director whenever there is a vacancy to be filled.
“Section XIV. PROMOTION: Vacancies in positions shall be filled by the Director and, in so far as practicable, the same shall be filled by promotion, from among regular employees holding positions in the Classified Service.... Promotions shall be based upon merit, ability and competency as may be provided in the ‘Rules.’
“Section XV. APPOINTMENTS: Whenever a vacancy is to be filled by an appointment, the appointing authority shall submit to the director a statement of the title of the position, and, if requested by the director, the duties of the position and desired qualifications of the person to be appointed, with a request that the director certify to the appointing authority the names of persons eligible for appointment to the position. The director shall then certify to the appointing authority the names of the ten (10) eligible persons from the appropriate register and, if more than one vacancy is to be filled, the name of one additional eligible person for each additional vacancy or, if agreeable to the appointing authority, all the names on the register when there are fewer than ten (10) eligible persons.
“... Within ten (10) days after the names are certified, the appointing authority shall appoint one eligible person who is certified to each vacancy which is to be filled. In the event there are fewer than the authorized number of eligible persons from which to make the selection, the choice may be made from the remaining names or a provisional appointment may be made.... No vacancy shall be filled except as provided in this act.”
Pursuant to its rulemaking power, the Personnel Board adopted the following rules governing promotion:
“RULE IX
“PROMOTION
“POLICY. 9.1 Vacancies in classes of positions above the lowest class shall be filled, as far as practicable and as in the judgment of the Director is consistent with the best interests of the service, by promotion following competitive tests. Promotional tests shall be open to employees *935 occupying lower positions in the series [of related positions] who meet the requirements set forth in the examination notice and who have demonstrated superior ability to perform the duties of their positions. Such ability may be determined by service ratings or such other evidence as is prescribed. ...
[[Image here]]
“PROMOTION LIST. 9.3 The names of the applicants successfully passing the test shall be entered on a promotion list in order of rank according to their final earned average....
“CERTIFICATION. 9.4 When a vacancy is to be filled from a promotion list, the Director shall certify the names of the ten (10) ranking eligibles, or such lesser number as remains thereof, and the appointment shall be made therefrom; except that, if there are one or more eligibles on that promotion list from the department in which that vacancy exists, certification may be limited to the ten (10) ranking eligibles, or lesser number thereon, from that department provided the Appointing Authority can show to the satisfaction of the Director that the best interests of the public will be served.”
The personnel director’s practice, pursuant to Board Rule 9.4, of certifying 10 eligible persons for promotion plus one additional person per additional employment vacancy is referred to by the parties as the “Rule of 10.”
Beginning in August 1994, the Personnel Board conducted examinations to fill four employment vacancies in the City of Mobile Fire Department for the position of “Fire Service Inspector.” Subsequently, the personnel director at the time, the appellee Shannon Weekley, certified 13 names as eligible for employment, including the appellants Aubrey A. Bishop III; James Earl Beck; and John A. McGee, Jr., who had scored first, second, and fourth on the examinations; also certified were Samuel L. Stephens, Jr.; Mark J. Trenier; William Cooper Sellers, Jr.; and Timothy Gary Smith, who scored third, fifth, eleventh, and twelfth on the examination.
After these names were certified, the Mobile Fire Department directed each certified candidate to undergo an interview using standardized questions developed by the Department to assess each candidate’s aptitude in several areas, including public education, code enforcement, and arson investigation. The Mobile fire chief later described this inquiry as having been motivated by a desire “to find who had the most passion and the most desire, the most motivation, the most drive to get out and do the jobs that we wanted done,” although he admitted that all 13 certified individuals were “qualified” to perform the duties of a fire service inspector. Ultimately, the fire chief calculated the scores of the certified applicants and submitted four names to Mobile’s mayor for selection; Bishop, Beck, and McGee were not chosen to fill the vacancies, while Stephens, Trenier, Sellers, and Smith were.
Another position in the Mobile Fire Department for which there were vacancies during this period was that of “fire service district chief.” In 1993, the personnel director conducted a promotional examination for this classification and produced a promotion list on January 28, 1994, based upon the results of that examination. The appellant James Marion Jernigan placed fifth on this examination, and when the top three candidates on the promotion list were selected for the job in February 1994, he rose to second on the list. However, when two additional vacancies opened in March 1995 for the fire service district chief classification, the Fire Department conducted an internal review and assessment process before choosing the candidate to promote. Jernigan was not chosen, while Michael S. Farver and William C. Hunter, respectively the first- and fourth-ranked candidates remaining on the 1994 promotion list, received promotions.
In December 1995, after new examinations had been conducted, the personnel director certified another promotion list for two vacancies in the position of fire service district chief. The top two scoring candidates on this list were the appellants Martin Stanley and John Young. After the promotion list had been certified, the city fire chief interviewed the applicants and recommended the promotion of Stanley and Young. However, the mayor of the City of Mobile scheduled a *936 second round of interviews for the fire service district chiefs vacancies so as to ensure that qualified members of racial minorities, which had not been represented in previous promotion lists for this position, would receive appropriate consideration for the vacancies.

Proceedings before the Personnel Board and in the trial court

On December 27,1994, acting as the representative of the interests of, among others, Bishop, Beck, and McGee, the appellant Mobile Fire Fighters Association (hereinafter referred to as “the Fire Fighters”) filed an appeal with the Personnel Board challenging the propriety of the Mobile Fire Department’s promotion of Stephens, Trenier, Sellers, and Smith to the position of fire service inspector. The Fire Fighters asserted that they had been unlawfully discriminated against, either because of “arbitrary, additional job qualifications not approved by the Personnel Board” or because of their ages, races, and handicaps. After a hearing, the Personnel Board denied relief, concluding that the Mobile Fire Department’s interviews “were within the essential requirements of the work, and were not tainted with bias, prejudice, or arbitrariousness [sic], and were not factors requiring additional qualifications for promotion.” The Fire Fighters thereafter appealed the decision of the Personnel Board to the Mobile County Circuit Court.
While the Fire Fighters’ appeal was pending in the trial court, Bishop, Beck, McGee, and the Fire Fighters filed a separate civil action in the trial court. The complaint in this action sought a declaration that Personnel Board Rule 9.4, the “Rule of 10,” is contrary to the Act and is therefore invalid; injunctive relief whereby Bishop, Beck, and McGee would be promoted to the position of fire service inspector, coupled with backpay, damages, and attorney fees pursuant to 42 U.S.C. §§ 1983 and 1988; and similar relief under Ala.Code 1975, § 21-7-8, for Beck only. At the same time, the Fire Fighters and Jernigan filed a complaint in the trial court seeking Jernigan’s promotion to the position of fire service district chief; back-pay; damages; attorney fees; and a declaration that Board Rule 9.4 is invalid. These two actions were removed to a federal court, pursuant to 28 U.S.C. §§ 1331, 1343 and 1441, but were remanded to the trial court after the dismissal of all federal claims. The appeal from the Personnel Board and the two separate civil actions were then consolidated by the trial court into one proceeding.
On February 8, 1996, Stanley and Young, among others, sought to intervene in the case to prevent the employment of the “Rule of 10” in the process of selecting candidates to fill the two vacancies in the position of fire service district chief. In addition, they sought a temporary restraining order and a preliminary injunction preventing the defendants from making further promotions to the position of fire service district chief until the merits of the case could be heard. The trial court granted intervention and enjoined the Personnel Board and the City of Mobile from promoting any applicants to the position of fire service district chief during the pendency of the case.
After the trial court had issued its injunction, it conducted a hearing concerning the validity of Board Rule 9.4. In the trial court, the Fire Fighters argued that Board Rule 9.4 was invalid because, they contended, the Act treats “promotions” and “appointments” differently, with the personnel director, in their view, being delegated the sole and exclusive power to determine who should be promoted to fill vacancies in classified positions in Mobile County. They further contended that the process set forth in Board Rule 9.4, under which the personnel director certifies 10 or more names on a promotion list to an appointing authority for its selection of one or more certified candidates to be promoted, was contrary to the provisions of § XIV of the Act, which requires the filling of vacancies “by the Director” and the promotion of persons based upon “merit, ability and competency.” The Personnel Board, the personnel director, and the City of Mobile all contested this interpretation of the Act, arguing that Board Rule 9.4 is consistent with the Act and that the personnel director has no more authority to make final selections to fill vacancies by promotion than by appointment. Moreover, they showed that the certification *937 scheme set forth in Board Rule 9.4 had been in existence, in much the same form, since 1940, with the principal change having been made in 1994 to increase the minimum number of persons on a promotion list from 3 to 10.
The trial court entered an order on' September 11, 1996, declaring Board Rule 9.4 invalid. In its order, the trial court concluded that the personnel director was vested under the Act with full and exclusive responsibility for promotional decisions in the classified service in Mobile County, and that the Act “requires that the promotional process adhere more strictly to the criteria of merit” as opposed to “the influence of possible political or personal factors.” The trial court directed the personnel director to advise it of the promotions she would have made absent the application of Board Rule 9.4.
On the' basis of the original examination results alone, the personnel director filed a response to this order, stating that for the 1994 fire service inspector vacancies, she would have promoted Bishop, Beck, and McGee rather than Trenier, Sellers, and Smith; that for the 1995 fire service district chief vacancies, she would have promoted Jernigan rather than Hunter; and that for the 1996 fire service district chief vacancies that were made the subject of the trial court’s earlier injunction, she would have promoted Stanley and Young. However, the Personnel Board and the personnel director stated that they reserved their objections to the trial court’s order declaring Board Rule 9.4 invalid, and moved the trial court to reconsider its order invalidating Board Rule 9.4. The City of Mobile also reserved objections, and further challenged the right or duty of the personnel director to fill vacancies directly without obtaining additional information other than examination scores that would contribute to the promotional process. In contrast, the Mobile Fire Fighters Association and the individual plaintiffs contended that the persons selected by the personnel director in her response to the trial court’s order should be immediately installed in the positions to which they had sought promotion, with backpay, prejudgment interest, and seniority extending from the original creation of each relevant promotional list on which the individual plaintiffs had been listed.
The trial court then directed the personnel director to submit a second response to its order to inform it of the promotions that she would have made if she were allowed to consider any information she deemed pertinent. In response to this new directive from the trial court, and having considered “whatever information [she] deemed pertinent,” she stated in an amended response that for the 1994 fire service inspector vacancies, she would have promoted Trenier, Sellers, and Smith rather than Bishop, Beck, and McGee; that for the 1995 fire service district chief vacancies, she would have promoted Hunter rather than Jernigan; and that for the 1996 fire service district chief vacancies that were made the subject of the trial court’s earlier injunction, she would have promoted Stanley and Young. In each instance, the personnel director’s selections were the same persons that had either originally been chosen by the Mobile Fire Department or that the Fire Department had recommended to the mayor for hiring. The trial court thereafter issued a judgment directing the promotion of the persons selected by the personnel director in her amended response; denying the backpay claims of Stanley and Young (the only plaintiffs who received promotions as a result of the litigation); and dismissing Beck’s claim under Ala.Code 1975, § 21-7-8. After the Fire Fighters’ post-judgment motion had been denied, they appealed to this court; the Personnel Board, the personnel director, and the City of Mobile have all cross-appealed from that portion of the trial court’s judgment declaring Board Rule 9.4 invalid.

The Validity of Board Rule 9.4

-The Personnel Board, the personnel director, and the City of Mobile contend on appeal that Board Rule 9.4 is a valid exercise of the Personnel Board’s power to make rules that are appropriate to carry out the provisions of the Act, and that the trial court erroneously declared the rule invalid. In response, the Fire Fighters contend that the trial court properly declared Rule 9.4 invalid because, they say, it erroneously applied to *938 promotions those procedures set forth in the Act that are applicable to appointments.
We begin by recognizing the proposition that within the framework of an enabling act and pursuant to its directions, an administrative agency’s power to adopt administrative rules addressing an area of concern “is generally co-extensive with that of the legislature to speak on the question.” Marcet v. Board of Plumbers Examination & Registration of Alabama, 249 Ala. 48, 50, 29 So.2d 333, 335 (1947). Indeed, our Supreme Court has previously addressed the broad power of the Mobile County Personnel Board under § IX of the Act to promulgate rules:
“[T]he board is authorized to adopt rules tending to the proper, efficient and just administration of the act. It appears that such rules and regulations so adopted are valid where they tend (a) to greater economy and better and more efficient administration of the affairs of the city [of Mobile] or (b) to the security of the employees.”
Jordan v. City of Mobile, 260 Ala. 393, 400, 71 So.2d 513, 519 (1954).
In Jordan, our Supreme Court upheld the validity of Board Rule 14.7, providing that appeals to the Board from disciplinary decisions made by appointing authorities shall be heard de novo, and that the Board can rescind, modify, alter, or affirm the penalty imposed or impose an additional or different penalty as may be warranted by the evidence adduced at the hearing. Notably, the Jordan court upheld Rule 14.7 despite the absence of any language in § XXII of the Act, which pertains to dismissal, that would expressly allow the Board to do anything other than reinstate a dismissed employee.
Section XIII of the Act states that all “vacancies” in the classified service shall be “filled” by promotion, appointment, reappointment, transfer, or demotion. Likewise, § XIV of the Act contains three requirements: (a) all “vacancies” in positions shall be “filled” by the personnel director; (b) “vacancies” shall be “filled,” insofar as practicable, by promotion from among current regular employees; and (c) promotions are to be based upon “merit, ability and competency” as the Rules of the Personnel Board may provide. Taken together, these provisions confer upon the Board great discretion in determining whether a vacancy shall be filled by promotion from within the current group of employees or by some other means. See Mobile County Merit Sys. Employee’s Ass’n v. Mobile County Personnel Bd., 669 So.2d 178 (Ala.Civ.App.1995) (denying mandamus to compel Personnel Board to fill vacancy in Mobile Housing Board’s executive director position via promotional examination rather than open examination). These provisions also leave to the Personnel Board and its personnel director the task of determining how best to achieve the goal of measuring the “merit, ability, and competency” of applicants when a vacancy is to be filled by promotion.
In carrying out its duties under the Act, the Personnel Board adopted rules to implement § XIV of the Act that provide, in the case of vacancies to be filled by promotion, for (a) competitive tests of employees occupying lower related positions; (b) certification of promotion lists of successful candidates to appointing authorities ordered according to the candidates’ final earned test average; and (c) appointment from these lists by appointing authorities. These promotional procedures mirror those outlined in § XV of the Act for “appointments,” and the Personnel Board has employed them in filling vacancies by promotion since at least 1940. Thus, the Personnel Board has consistently interpreted the Act as envisioning “promotion” as a subset of “appointments” in general, and its construction placed upon the Act is persuasive and to be considered favorably. Moody v. Ingram, 361 So.2d 513, 516 (Ala.1978). This is especially true where, as here, the legislature has reenacted §§ XIV and XV of the Act without substantial pertinent changes in the language of these provisions. Jones v. Phillips, 279 Ala. 354, 358,185 So.2d 378, 381 (1966).
After carefully reviewing the provisions of the Act and the Rules, this court concludes that Rule 9.4 does not contravene the Act. The Act does not, as the Fire Fighters contend, require that the filling of a vacancy by “promotion” be done differently than filling a vacancy by “appointment.” The Act merely requires that promotions, when they are *939 made, be based upon merit, ability, and competency. The testing and certification procedure outlined in Personnel Board Rule IX is reasonably tailored to accomplish the goal that only those candidates qualified by virtue of their merit, ability, and competency be certified to appointing authorities.
Moreover, we find no language in the Act indicating that the legislature envisions an appointing authority, such as the City of Mobile Fire Department, as having any less discretion in selecting a qualified candidate for promotion to a classification above entry level than it would have with respect to selection of candidates for classifications at entry level. While the personnel director is required by §§ XIII and XIV of the Act to “fill” all “vacancies,” whether by promotion, appointment, reappointment, transfer, or demotion, § XV of the Act simultaneously mandates that when a vacancy in the classified service is to be filled by appointment, the appointing authority shall appoint one certified person for each vacancy. That the Act’s section labeled “Promotion” does not specifically provide for final selection of a certified candidate by an appointing authority does not limit the Board’s discretion to provide for such a result through its rulemaking power. See Jordan, 260 Ala. at 400, 71 So.2d at 519 (rejecting contention that legislature’s silence concerning subject inhibits rulemaking power of the Personnel Board under the Act). We therefore conclude that Rule 9.4 is not inconsistent with the Act, and that the trial court’s judgment to the contrary was erroneous.
However, it follows from this court’s determination of the validity of Rule 9.4 that the trial court correctly confirmed the personnel director’s promotions of Trenier, Sellers, Smith, and Hunter rather than Bishop, Beck, McGee, and Jernigan, as her selections mirror those selected by the City of Mobile under Rule 9.4. To that extent, its judgment is affirmed.

Beck’s claim under § 21-7-8, Ala.Code 1975

The Fire Fighters additionally contend that the trial court erred in dismissing Beck’s discrimination claim against the Personnel Board, the personnel director, and the City because, they say, he is entitled to relief under the provisions of § 21-7-8, Ala.Code 1975.
Ala.Code 1975, § 21-7-8, is derived from § 6 of Act No. 869, 1975 Ala. Acts. It provides as follows:
“It is the policy of this state that the blind, the visually handicapped and the otherwise physically disabled shall be employed in ... the service of the political subdivisions of the state ... and in all other employment supported in whole or in part by public funds on the same terms and conditions as the able-bodied, unless it is shown that the particular disability prevents the performance of the work involved.”
No reported decision to date discussing § 21-7-8 has expressly addressed the existence of a private right of action for damages against a political subdivision of this state arising from a failure to employ an otherwise qualified person because of a physical handicap. Although the appellant in Averyt v. Doyle, 456 So.2d 1096 (Ala.Civ.App.1984), asserted a violation of § 21-7-8, among other things, this court did not resolve whether § 21-7-8 provided a private right of action. Similarly, while the federal district court in Ethidge v. Alabama, 847 F.Supp. 903 (M.D.Ala.1993), assumed without deciding that § 21-7-8 afforded a private right of action, 847 F.Supp. at 907-08, it ultimately determined on the facts before it that no violation of § 21-7-8 could have occurred because the plaintiff, a terminated municipal police officer, was not able to perform the essential functions of his employment. Ethridge v. Alabama, 860 F.Supp. 808, 820 (M.D.Ala.1994).
In this case, we need not determine whether § 21-7-8 affords an implied private right of action, because the trial court’s dismissal of Beck’s claims was correct in any event. Beck has filed a separate action against these defendants in the United States District Court for the Southern District of Alabama, seeking relief under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (“ADA”), based upon the same facts and circumstances alleged in this action. Assuming, without deciding, that § 21-7-8 affords Beck a private cause of *940 action, such a cause of action would necessarily arise from the same alleged fact situation as his ADA claim. “[WJhere a single wrong leads to an action under state law and leads to an action under federal law, there is but one wrong and one cause of action.” Terrell v. City of Bessemer, 406 So.2d 337, 339 (Ala.1981) (citing Norman Tobacco & Candy Co. v. Gillette Safety Razor Co., 295 F.2d 362 (5th Cir.1961)).
Ala.Code 1975, § 6-5-440, prohibits a plaintiff from splitting his cause of action — it bars the maintenance of “two actions in the courts of this state at the same time for the same cause and against the same party.” Moreover, while “federal law theories and state law theories are often parallel grounds for relief as to the same wrongful acts or disputes,” our Supreme Court “has consistently refused to allow a person to prosecute an action in a state court while another action on the same cause and against the same parties is pending in a federal court in this State.” Weaver v. Hood, 577 So.2d 440, 442 (Ala.1991). Because Beck has attempted to split his cause of action by bringing separate state and federal actions to redress the same wrong, in violation of § 6-5-440, we conclude that the trial court’s dismissal of his discrimination claim was correct, without regard to its reasons. “[Tjhis court reviews judgments and not opinions, and we will affirm a correct judgment on any valid basis, regardless of whether that basis was accepted or even considered by the trial court.” Cove Properties, Inc. v. Walter Trent Marina, Inc., 702 So.2d 472 (Ala.Civ.App.1997).

Stanley and Young’s claims for backpay

The Fire Fighters also contend that because Stanley and Young were ultimately chosen by the personnel director for promotion to the position of fire service district chief, the trial court should have awarded them backpay from the date on which the original promotion list naming them as the top two candidates for promotion was certified by the personnel director. However, it is the appointing authority, not the personnel director, who is ultimately responsible for selecting candidates to fill vacancies in the classified service in Mobile County, and until a candidate has been chosen to fill a vacancy, he or she can claim no right to be paid for filling that position. Cf. Board Rule V ( Pay-Plan”). In the case of Stanley and Young, the pertinent appointing authority (the City of Mobile) was enjoined by the trial court, pursuant to Stanley and Young’s own motion, from completing the process of filling any vacancies in the position of fire service district chief. Thus, any award of “backpay” to Stanley and Young would have been erroneous as a matter of law because Stanley and Young themselves effectively prevented their own promotions. See Law v. Gulf States Steel Co., 229 Ala. 305, 310, 156 So. 835, 839 (1934) (“One cannot complain at the proximate consequences of what is done at his request”). We therefore affirm the judgment of the trial court as it relates to Stanley and Young’s entitlement to backpay.

Conclusion

Based upon the facts and authorities set forth above, the judgment of the trial court is reversed to the extent that it declares Board Rule 9.4 invalid, and a judgment in favor of the Personnel Board, the personnel director, and the City of Mobile is rendered as to this issue. In all other respects, the judgment of the trial court is affirmed.
APPEAL — AFFIRMED.
CROSS-APPEAL — REVERSED AND JUDGMENT RENDERED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. Section XIV of the Act was amended by Act No. 80-796, § 2, 1980 Ala. Acts. Section XV was most recently amended in 1994 by Act No. 94-197, 1994 Ala. Acts.