THOMPSON, Judge,
dissenting.
Section 14(b) of the Civil Service Act provides in part that “[vacancies other than entry level positions shall be filled by promotion insofar as practicable.” (Emphasis added.) There is absolutely no requirement that the City promote only from its pool of in-house employees. The City presented to the Board evidence indicating that the 11 applicants in its in-house applicant pool were only “minimally qualified” for the position; thus, there was substantial evidence before the Board indicating that the City had properly resorted to the open competitive list. In Mobile County Merit System Employee’s Association v. Mobile County Personnel Board, 669 So.2d 178 (Ala.Civ.App.1995), this court held that the decision of the Personnel Board to use an open competitive procedure for an available position rather than to promote from within was permissible where the evidence disclosed that there were not enough qualified employee applicants for the position. The mere fact that an in-house applicant wants the position does not necessarily mean that the applicant is qualified for the job. Hiring a minimally qualified applicant merely because of his or her present employment with the City does not serve the public’s best interests.
The issue in this case is whether there was substantial evidence to support the Board’s decision, not whether there was substantial evidence to support the decision of the trial court. Because I believe *353 the trial court erred in determining that there was not substantial evidence to support the Board’s decision, I would reverse. For that reason, I must respectfully dissent.
CRAWLEY, J., concurs.