791 So.2d 353 (2000)
Ex parte CITY OF DOTHAN PERSONNEL BOARD.
(Re City of Dothan Personnel Board v. Bethany C. Harrison and Crystal Shelley).
1980832.
Supreme Court of Alabama.
January 21, 2000.
*354 Carol Sue Nelson and Tammy L. Dobbs of Constangy, Brooks & Smith, L.L.C., Birmingham, for petitioner.
Matthew C. Lamere, Dothan, for respondents.
MADDOX, Justice.
This case involves a question whether the City of Dothan Personnel Board followed proper procedures in hiring a person who was not on the promotional list maintained by the City.
In early 1996, the Dothan fire chief's administrative assistant announced that she planned to retire, giving a few months' notice. The dispute giving rise to this present case grew out of the City's efforts to fill the job opening created by the administrative assistant's retirement.
Jerry Gwaltney, the city manager, viewed hiring a replacement as an emergency, because the retiring employee was the only person in the City's Fire Department who knew how to manage the Department's payroll. Gwaltney decided that the City should hire a replacement immediately, so that the new employee would be on the job for as long as possible for training by the retiring employee.
The City maintains a register, or list, of its current employees who have qualified for promotion to the level of administrative assistant. When Gwaltney began looking for someone to hire for the Fire Department position, the top two candidates on that register declined interviews. During that period, Gwaltney was also in the process of hiring a new fire chief. He concluded that the best course would be to hire someone to serve in the administrative-assistant position for six months, so that the new fire chief could make his own decision about whom to hire on a permanent basis.
Gwaltney advertised the job opening in community publications. Essie Ashley applied. Gwaltney determined that, of the candidates remaining on the promotion register (after the top two had declined interviews) and the applicants who had applied as a result of the published job notice, Ashley was the person most qualified for the job. Ashley had a degree in secretarial science and a degree in computer-information science. Ashley also had been an administrative assistant for a department manager at a facility operated by the Michelin tire company, for 16 years. Her duties in her job with Michelin had included handling payroll reports. Ashley was recommended by her references at Michelin for the administrative-assistant job because she had strong office-management and accounting skills. Consequently, Gwaltney hired Ashley on a provisional basis. After the new fire chief was hired, he elected to retain Ashley on a permanent basis.
When the administrative-assistant position became available, Bethany C. Harrison and Crystal Shelley were already city employees, and they had been listed on the promotion register. They filed grievances with the City of Dothan Personnel Board, alleging that Gwaltney had violated the City's rules and regulations by hiring an outside applicant rather than an applicant from the promotion register. The Board held a hearing on the matter, at which the following facts were presented: Harrison had begun her second period of employment with the City in 1986. Her first *355 period of employment had ended in 1983, when she resigned after engaging in insubordinate conduct and walking off the job. Since returning to work for the City in 1986, she had been "written up" and had been counseled for errors in her work. Also, during her interview with the new fire chief, Harrison described the personnel director as an "out-and-out liar" and questioned the city manager's authority and intentions. Shelley was employed as an administrative secretary for the City's Leisure Services Department and had been employed by the City for 10 years. She became employed by the City in 1986 while she was a high-school student. She became a full-time employee in 1987 and was working as a secretary for the manager of the Dothan Civic Center. Her duties included registering softball teams, collecting money for the teams, and depositing money in the bank. She had attended college for one year.
Following the hearing and based upon the evidence presented at that hearing, the Board found that Harrison and Shelley had "failed to present a substantial amount of evidence that supports the [finding of a] violation of the Personnel Rules and Regulations and the Civil Service Act in filling the vacancy of Administrative Assistant in the Fire Department." Furthermore, Darryl Mathews, the City's equal-employment-opportunity officer, reviewed the circumstances surrounding Ashley's hiring and found nothing improper. After the Board denied their grievances, Harrison and Shelley appealed to the Houston County Circuit Court.
The circuit court entered a judgment reversing the Board's order. The circuit court stated in its judgment:
"[S]ubstantial evidence was presented to show that the City of Dothan violated its Personnel Rules and Regulations in the making of a Provisional Appointment and in the permanent filling of the administrative assistant position from an outside register despite the certification of qualified applicants from the appropriate in-house employment register."
The Board appealed from the circuit court's judgment. The Court of Civil Appeals, by a 3-2 vote, affirmed. That court held:
"We conclude that the Board's decision denying the grievances of Harrison and Shelley was not supported by substantial evidence. Although the City may have been justified in making the provisional appointment of Ashley, the record shows that the in-house register listed 11 applicants who had at least qualified for a promotion to administrative assistant. The City's rules and regulations are clear with respect to the filling of non-entry-level vacancies. Owen [the City's personnel director] and Gwaltney both testified that the vacant position in the fire department was not an entry-level position, but a classified position, and therefore called for the use of the in-house register."
City of Dothan Personnel Bd. v. Harrison, 791 So.2d 348 (Ala.Civ.App.1998).
We granted the Board's petition for certiorari review. The Board argues that the decision of the Court of Civil Appeals is in conflict with Mobile County Merit System Employee's Ass'n v. Mobile County Personnel Board, 669 So.2d 178 (Ala.Civ.App. 1995), and Mobile Fire Fighters Ass'n v. Personnel Board of Mobile County, 720 So.2d 932 (Ala.Civ.App.1998). See Rule 39(c)(4), Ala. R.App.P. In those cases, the Board argues, the Court of Civil Appeals recognized that the Mobile County Personnel Board, operating under rules similar to those of the board involved in this case, had no less discretion in filling a position above entry level than it would have in *356 filling an entry-level position. In this case, the Board argues, its rules (quoted infra), provide it with broad discretion in filling job vacancies, even more so than the rules and the statute considered by the Court of Civil Appeals in the two Mobile County cases cited above. The Board contends that the requirement that it fill a position with "the most qualified personnel available" and the requirement that jobs be filled by promotion "insofar as practicable" provide it with the discretion to fill a vacancy in the way it did in this case. The Board also argues that Harrison and Shelley did not present to the Board substantial evidence justifying a conclusion that the City had acted arbitrarily and capriciously in filling the job of administrative assistant. Accordingly, the Board asserts, the circuit court erred in reversing the Board's order, and the Court of Civil Appeals erred in affirming the judgment of the circuit court.
Our review of cases like this one is limited. Indeed, our review is the same as that of the circuit court and the Court of Civil Appeals. The decision of an administrative agency will be affirmed unless the appellant can prove that the agency acted in an arbitrary and capricious manner or failed to comply with the applicable law. Ex parte Personnel Bd. for Mobile County, 637 So.2d 888, 889 (Ala.1994). The Board's decision "must be affirmed if there is substantial evidence to support the [Board's] findings." Id.

I.
Do the "Civil Service Act of Dothan" and the rules of the Dothan Personnel Board provide the City discretion to hire from the outside where it is not practicable to promote a current city employee? The circuit court and the Court of Civil Appeals appear to have based their decisions on a conclusion that the City's personnel rules and regulations require that where current city employees are listed on the register of persons qualified for a vacant position, the job must be filled by one of those current employees listed on the register. We disagree with that conclusion.
Section 14 of the "Civil Service Act of Dothan," as amended by Act No. 92-442, Ala. Acts 1992, reads:
"Section 14. FILLING VACANCIES. When any vacancy occurs in the classified service, the [personnel] director, subject to the approval of the personnel board, may direct the filling of such vacancy by appointment, promotion, reappointment, transfer, or demotion, where practical.

"(a) Appointment: When it is necessary to fill a vacancy by appointment, the appointing authority shall submit to the director a personnel requisition containing a statement of the title of the position and the desired qualifications of the person to be appointed, and request the director to certify to him the names of persons eligible for appointment to the position. The director shall certify to the appointing authority the names of three ranking eligibles from the most appropriate register, and if more than one vacancy is to be filled, the name of one additional eligible for each additional vacancy, or if agreeable to the appointing authority, all the names on the register, if there is less than the aboverequired number.... In the event the requested number of eligibles cannot be certified to the appointing authority, he may [choose] from the remaining certified names or may elect to make a provisional appointment as provided in this act....
"(b) Promotion: Vacancies other than entry level positions shall be filled by promotion insofar as practicable, from the appropriate promotional register. *357 The certification of individuals for promotion shall be the same as [provided] for in paragraph (a) above...."
(Emphasis added.)
Section 17 of the "Civil Service Act of Dothan" reads:
"Section 17. PROVISIONAL APPOINTMENTS. Whenever in the opinion of the [personnel] director it is impossible within a reasonable time to certify eligible persons for appointment to a vacancy in the classified service, the appointing authority may nominate a person for the vacancy to the director. If such nominee is found by the director to have had experience and training which appear to qualify him for the position, the director may authorize the appointment of such person to such vacancy only until an appropriate eligible register can be established and an appointment made therefrom. Such provisional appointments shall be for a period of 90 days and may, with the approval of the director, be extended for an additional 90 days[;] however, in no event shall a provisional appointment be made for a period aggregating more than 180 days."
The City's personnel rules contain the following provisions:
"2-60(3) Promotions: It is the policy of the City of Dothan to fill classified positions with the most qualified personnel available. To allow for upward mobility, all vacancies and promotional positions shall be advertised internally utilizing promotional registers; job announcements for same shall be posted on all departmental bulletin boards. The City of Dothan shall, as an Equal Opportunity Employer, recognize its responsibility to insure equal opportunity in promotional decisions based only on valid and job oriented requirements.
"2-60(4) Outside Advertisement: If an insufficient number of City employees in the Classified Service are interested in and/or qualified for a vacant position, the Personnel Director shall advertise for applicants in whatever manner will provide a suitable number and quality of applicants including: advertisement of job announcements in local or national news media as appropriate; distribution of same to local employment agencies and/or colleges as required to attract the best qualified individuals; and utilization of eligible and reemployment registers. "2-60(6) Selection: After oral interviews are completed, the department head shall examine the merits of all applicants and select the person who best meets the job requirements."

(Emphasis added.)
We find that the provisions quoted here (from the Act and the rules) mirror the provisions in the two Mobile County cases cited above. For example, Policy 9.1, Local Act No. 470, as set out in Mobile County Merit System Employee's Ass'n, 669 So.2d at 179, reads:
"POLICY 9.1 Vacancies in classes of positions above the lowest class shall be filled, as far as practicable and as in the judgment of the Director is consistent with the best interests of the service, by promotion following competitive tests."
(Emphasis added.) Furthermore, Section XIV of Local Act 470 reads:
"PROMOTION: Vacancies in positions shall be filled by the Director and, in so far as practicable, same shall be filled by promotion, from among regular employees holding positions in the Classified Service...."
(Emphasis added.) These provisions are almost identical to Section 14(b) of the City of Dothan's Civil Service Act. The Court of Civil Appeals stated in Mobile County Merit System Employee's Ass'n *358 that "the language of the rules and regulations of the Personnel Board [supported its conclusion] that deciding whether to use an open competitive procedure or to use a promotional procedure is a discretionary function of the Personnel Board, to be undertaken with the best interests of the merit system in mind." 669 So.2d at 179-80. The Court of Civil Appeals concluded in that case that the Mobile County Personnel Board did not violate its rules and regulations in filling a vacancy by competitive examination of all applicants instead of by promotion solely from employees of the Mobile Housing Authority. Id. at 180.
Like the provisions involved in Mobile County Merit System Employee's Association, the provisions of the City of Dothan's Civil Service Act in this case provide discretionary authority, subject to an abuse of discretion, to fill vacancies "insofar as practicable" from the "appropriate promotional register." See Civil Service Act, § 14(b), supra. Dothan's personnel rule 2-60(4) provides that "[i]f an insufficient number of City employees in the Classified Service are interested in and/or qualified," then the Board has the discretion to fill a vacancy or vacancies from a pool of qualified applicants who are not on the promotional register. Rule 2-60(6) provides that after the Board or the department head conducts interviews, "the department head shall examine the merits of all applicants and select the person who best meets the job requirements." Providing this discretion advances "the policy of the City of Dothan to fill classified positions with the most qualified personnel available." Rule 2-60(3), supra.
We conclude that the language of Dothan's Civil Service Act and the rules of its Personnel Board provide the City discretion to hire from the outside where it is not practicable to promote a current city employee.

II.
Having determined that the City has discretion to hire from the outside where it is not practicable to promote a current city employee, we must determine whether there was substantial evidence before the Board to support the appointment at issue in this case. Based upon the evidence presented to the Board at the grievance hearing, we conclude that the Board had before it substantial evidence indicating that the City's appointment of Ashley was proper. Therefore, the circuit court erred in reversing the Board's order and the Court of Civil Appeals erred in affirming the circuit court's judgment.

III.
In conclusion, we hold that the language of Dothan's Civil Service Act and the rules of its Personnel Board provide the City with discretion to hire from the outside where it is not practicable to promote a current city employee. We also hold that the Board had before it substantial evidence indicating that the City's appointment of Ashley to the position of administrative assistant was proper. Therefore, we reverse the judgment of the Court of Civil Appeals and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, SEE, LYONS, BROWN, and ENGLAND, JJ., concur.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
Ashley was appointed instead of Harrison and Shelley under the provisional appointments provisions of the Civil Service Act of Dothan, as amended by 1992 Ala. Acts No. 92-442. Section 14(a) of that Act allows a provisional appointment only "[i]n the event the requested number of eligibles[, *359 three,] cannot be certified to the appointing authority" from "the most appropriate register" of current employees. Section 17 of the same Act allows provisional appointments only "[w]henever in the opinion of the [city's personnel] director it is impossible within a reasonable time to certify eligible persons for appointment to a vacancy in the classified service." In fact, Shelley, Harrison, and a third "eligible" had already been certified from the register, which contained still more "eligibles" as well, before the director and the appointing authority began the provisional appointment process. Thus, their use of the provisional appointment process violated the provisions of the Act.
The hard evidence is that both Harrison and Shelley were fully qualified. In fact, they both ranked far above Ashley even on the general register established to allow consideration of candidates who had not already been employees.
The Civil Service Act of Dothan expressly and specifically restricts the discretion of the City in filling vacancies. The personal preferences of some Dothan officials afford no exception to the statute. Finally, the facts, rules, and procedural postures of the cases interpreting the Mobile County Personnel Board Rules are too different from the facts, rules, and procedural posture of the case before us to serve as precedent for any leeway for the Dothan Personnel Board.