CRAWLEY, Judge,
dissenting.
Because I would reach the issue whether Larry Nowell’s conduct fell within the category of a “minor offense” pursuant to City of Dothan Personnel Rule 3-41(10), (11), and (12), rather than an “intolerable offense” pursuant to Rule 3-43(19), I respectfully dissent from the no-opinion af-firmance.
The no-opinion affirmance implicitly holds that the classifications of Nowell’s offenses are unreviewable because the City of Dothan Personnel Board found that No-well’s offenses were “intolerable” and that that finding is cloaked with a presumption or correctness. In my judgment, however, the propriety of the offense classifications is not an issue of fact — to which we apply a deferential standard of review — but an issue of law, or at least a mixed question of law and fact — to which we apply no presumption of correctness. See Kelley v. G.UB.MK Constructors, 636 So.2d 454 (Ala.Civ.App.1994); and Board of Managers v. Elliott, 532 So.2d 1019, 1021 (Ala.Civ.App.1988).
Writing for this court in City of Dothan Personnel Board v. DeVane, 860 So.2d 881, 887 (Ala.Civ.App.2002), Judge Thompson observed that “the [City of Dothan] Civil Service Act sets forth distinct duties that require the Board to function as an appellate body in determining the validity of charges against employees in the classified-service system.” (Emphasis added.)
“Our review of cases like this one is limited.... [0]ur review is the same as that of the circuit court.... The decision of an administrative agency will be affirmed unless the appellant can prove that the agency acted in an arbitrary and capricious manner or failed to comply with the applicable law.”
Ex parte City of Dothan Pers. Bd., 791 So.2d 353, 356 (Ala.2000), citing Ex parte Personnel Bd. for Mobile County, 637 So.2d 888, 889 (Ala.1994)(emphasis added).
I question whether Nowell’s conduct evidencing “disrespect to a superior officer” and “unprofessional conduct” can be deemed “intolerable offenses” under the unspecified, catchall category of “other” in City of Dothan Personnel Rule 3-43(19) when it appears to fall within one or more of the specifically described “minor offenses” outlined in Rule 3-41(10), (11), and (12).